UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY SANTURE #265073,

    Plaintiff,                        Hon. Janet T. Neff

v.                                           Case No. 1:17-cv-923

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Corizon's Motion to Dismiss, (ECF No. 10), Defendant Corizon's and Burke's Motion for Summary Judgment, (ECF No. 19), and Defendant Platte's and Washington's Motion for Partial Summary Judgment, (ECF No. 21).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Corizon's Motion to Dismiss, (ECF No. 10), be **granted**; Defendant Corizon's and Burke's Motion for Summary Judgment, (ECF No. 19), be **granted in part and denied without prejudice in part**; and Defendant Platte's and Washington's Motion for Summary Judgment, (ECF No. 21), be **granted in part, denied in part, and denied without prejudice in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On an unspecified date, Corrections Officer Raymond Platte deliberately closed Plaintiff's cell door on his foot. Plaintiff was examined by Dr. Gail Burke who, after examining x-rays, incorrectly concluded that Plaintiff's foot was not broken. Plaintiff later filed a grievance concerning his foot injury and

-1-

treatment, after which Platte retaliated against Plaintiff by charging him with a misconduct violation and further injuring his foot by striking it with his cell door on at least three occasions. Plaintiff was eventually examined by another doctor who, based upon new x-rays, determined that Plaintiff's foot was, in fact, broken and in need of surgical repair. Plaintiff underwent surgery to repair his foot on August 22, 2017. The surgeon informed Plaintiff that his foot will be "messed up" for the rest of his life.

Plaintiff initiated this action against Officer Platte, Dr. Burke, Heidi Washington, Director of the MDOC, and Corizon Health Services. (ECF No. 1). Plaintiff does not indicate the nature or basis of his claims except to state that he seeks "to have all past and future health problems related to my foot paid for and 5 Million Dollars for pain and suffering. And anything else the Court Deems appropriate." (ECF No. 1 at PageID.4). The Court, reading Plaintiff's complaint indulgently, interprets such as asserting Eighth Amendment denial of medical treatment claims against Defendants Burke and Corizon, Eighth Amendment use of excessive force claims against Defendants Platte and Washington, and unlawful retaliation claims against Defendant Platte.

Defendant Corizon moves to dismiss Plaintiff's claims for failure to state a claim on which relief may be granted and, in the alternative, requests summary judgment on exhaustion grounds. Defendants Washington and Burke move for summary judgment on exhaustion grounds. Defendant Platte moves for partial summary judgment, alleging that Plaintiff has properly exhausted only one of the incidents alleged in his complaint.

## ANALYSIS

**I.        Defendant Corizon**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Corizon is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To impose liability against Corizon, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a Corizon policy or custom. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff can demonstrate the existence of such a policy or custom in one of several ways: (1) prove the existence of an illegal official policy; (2) establish that an official with final decision making authority ratified illegal actions; (3) demonstrate that there existed a policy of inadequate training or supervision; or (4) establish that there existed a custom of tolerance or acquiescence of federal rights violations. *Ibid*. Plaintiff's complaint contains no factual allegations that, even if accepted as true, would satisfy any of these requirements. Accordingly, the undersigned recommends that Defendant Corizon's motion to dismiss, (ECF No. 10), be granted. The undersigned further recommends that Defendant Corizon's motion for summary judgment, (ECF No. 19), be denied without prejudice.

**II.        Defendant Washington**

Because Plaintiff is proceeding in this matter as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). Aside from identifying MDOC Director Washington as a defendant, Plaintiff's complaint contains no mention of Washington. Plaintiff has neither asserted claims against Washington nor asserted facts concerning Washington

-4-

which would support a claim. Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Washington be dismissed. The undersigned further recommends that Defendant Washington's motion for summary judgment, (ECF No. 21), be denied without prejudice.

### III.     Defendant Burke and Platte

#### A.     Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a

mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561.  Thus, summary judgment in favor of

the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### B. Exhaustion Standard

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. See *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. See *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is

-7-

unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.  The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB.  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF.  The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

### C.     Analysis

Defendants have identified four grievances concerning the allegations in Plaintiff's complaint which Plaintiff has pursued through all three steps of the MDOC grievance process: (1) IBC-17-05-0968-17z; (2) IBC-16-051192-17z; (3) IBC-16-08-1898-28e; and (4) IBC-16-04-0974-12e3. (ECF No. 19, 22).  In his response to the present motions, Plaintiff has identified these four grievances as well as two additional grievances which he asserts are relevant to the question whether he exhausted his administrative remedies: (1) IBC-16-08-2107-12f3; and (2) IBC-17-01-0003-12i3. A review of these grievances reveals that Plaintiff has exhausted only a limited number of the allegations in his complaint.

1.   IBC-17-05-0968-17z

Plaintiff filed this grievance on May 9, 2017, alleging that on May 7, 2017, Defendant Platte closed the cell door on his bad foot. (ECF No. 22-2 at PageID.251). Plaintiff pursued this matter through all three steps of the grievance process. (ECF No. 22-2 at PageID.248-52). Accordingly, this grievance exhausts Plaintiff's Eighth Amendment use of excessive force claim that on May 7, 2017, Defendant Platte shut his foot in the cell door. Defendant Platte does not dispute this conclusion, but argues that this grievance fails to exhaust any other claims against him. The Court agrees. Specifically, this grievance neither identifies any other date on which Defendant Platte allegedly employed excessive force nor asserts that Platte improperly retaliated against him. Likewise, this grievance does not name or otherwise identify Defendant Burke and, therefore, does not exhaust any of Plaintiff's claims against her.

2.   IBC-16-05-1192-17z

Plaintiff filed this grievance on May 19, 2016, alleging that on May 18, 2016, Defendant Platte "close[d] the door on [his] foot" resulting in injury. (ECF No. 22-2 at PageID.262). Plaintiff pursued this matter through all three steps of the grievance process. (ECF No. 22-2 at PageID.259-63). Defendant Platte argues that Plaintiff failed to raise the substance of any claim in his Step I grievance. The Court disagrees. Plaintiff's Step I grievance clearly asserts that on May 18, 2016, Defendant Platte injured his foot after he "close[d] the door on [his] foot." Accordingly, this grievance exhausts Plaintiff's Eighth Amendment use of excessive force claim that on May 18, 2016, Defendant Platte shut his foot in the cell door. However, this grievance fails to exhaust any other claims against Defendant Platte. Specifically, this grievance neither identifies any other date on which Defendant Platte allegedly employed excessive force nor asserts that Platte improperly

retaliated against him. Likewise, this grievance does not name or otherwise identify Defendant Burke and, therefore, does not exhaust any of Plaintiff's claims against her.

### 3. IBC-16-04-0974-12e3

Plaintiff filed this grievance on April 25, 2016, alleging that he was examined by an unidentified nurse on April 22, 2016, who failed to properly treat his injured foot. (ECF No. 19-1 at PageID.161). Plaintiff pursued this matter through all three steps of the grievance process, but Plaintiff's Step III grievance, submitted two months late, was rejected as untimely. (ECF No. 19-1 at PageID.158-64). Plaintiff responds that he was unable to timely submit his Step III grievance because he had been transferred to a different facility. (ECF No. 24 at PageID.281-82). Whether the grievance process was, therefore, "unavailable" as Plaintiff alleges is irrelevant, however, because this particular grievance does not exhaust any of Plaintiff's claims against Defendants Platte or Burke.

### 4. IBC-16-08-1898-28e

Plaintiff filed this grievance on July 22, 2016, alleging that on May 30, 2016, Defendant Platte closed the cell door on his foot. (ECF No. 19-1 at PageID.151). This grievance was rejected as untimely because it was submitted almost two months after the incident in question. (ECF No. 19-1 at PageID.152). This determination was affirmed at all three steps of the grievance process. (ECF No. 19-1 at PageID.148-52). Plaintiff asserts that the Court should disregard the MDOC's finding that this grievance was untimely on the ground that there exists "a genuine factual dispute as to the availability of the grievance process." (ECF No. 24 at PageID.282). Plaintiff, however, as failed to present any *evidence* supporting his assertion that the grievance process was unavailable thereby excusing the untimeliness of this grievance. Plaintiff's unsworn assertions are insufficient to defeat

-10-

Defendants' properly supported motions for summary judgment. Accordingly, this grievance fails to exhaust any of Plaintiff's claims against Defendants Platte or Burke.

5.     IBC-16-08-2107-12f3

Plaintiff filed this grievance on August 24, 2016, alleging that an unidentified nurse refused to provide him with "a wheelchair with legs [that] go up on it." (ECF No. 19-1 at PageID.146). This grievance is not asserted against Defendants Platte or Burke and, therefore, fails to exhaust any of Plaintiff's claims against them.

6.     IBC-17-01-0003-12i3

Plaintiff filed this grievance on January 2, 2017, alleging that a nurse improperly took away his crutches. (ECF No. 19-1 at PageID.141). This grievance is not asserted against Defendants Platte or Burke and, therefore, fails to exhaust any of Plaintiff's claims against them.

For the reasons articulated above, therefore, the undersigned recommends that Defendant Burke's motion for summary judgment, (ECF No. 19), be granted, and Defendant Platte's motion for summary judgment, (ECF No. 21), be granted in part and denied in part.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Corizon's Motion to Dismiss</u>, (ECF No. 10), be **granted**; <u>Defendant Corizon's and Burke's Motion for Summary Judgment</u>, (ECF No. 19), be **granted in part and denied without prejudice in part**; and <u>Defendant Platte's and Washington's Motion for Summary Judgment</u>, (ECF No. 21), be **granted in part, denied in part, and denied without prejudice in part**.

Specifically, the undersigned recommends that: (1) Plaintiff's claims against Defendants Corizon and Washington be dismissed for failure to state a claim on which relief may be

granted; (2) Plaintiff's claims against Defendant Burke be dismissed for failure to exhaust administrative remedies; and (3) Plaintiff's claims against Defendant Platte be dismissed for failure to exhaust administrative remedies, save for Plaintiff's Eighth Amendment use of excessive force claims based on incidents which allegedly occurred on May 18, 2016, and May 7, 2017.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 2, 2018                                       /s/ Ellen S. Carmody
                                                                  ELLEN S. CARMODY
                                                                  U.S. Magistrate Judge