UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY SANTURE #265073,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                     Case No. 1:17-cv-923

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on <u>Defendant Platte's Motion for Summary Judgment</u>. (ECF No. 51). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

       The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On an unspecified date, Corrections Officer Raymond Platte deliberately closed Plaintiff's cell door on his foot. Plaintiff was examined by Dr. Gail Burke who incorrectly concluded that Plaintiff's foot was not broken. Plaintiff later filed a grievance concerning his foot injury and treatment, after which Platte retaliated against Plaintiff by charging him with a misconduct violation and further injuring his foot by striking it with his cell door on at least three occasions. Plaintiff was eventually examined by another doctor who, based upon new x-rays, determined that Plaintiff's foot was, in fact, broken and

in need of surgical repair. Plaintiff underwent surgery to repair his foot on August 22, 2017. The surgeon informed Plaintiff that his foot will be "messed up" for the rest of his life.

Plaintiff initiated this action against Officer Platte, Dr. Burke, Heidi Washington, Director of the MDOC, and Corizon Health Services. (ECF No. 1). Plaintiff does not indicate the nature or basis of his claims except to state that he seeks "to have all past and future health problems related to my foot paid for and 5 Million Dollars for pain and suffering. And anything else the Court Deems appropriate." (ECF No. 1 at PageID.4). The Court, reading Plaintiff's complaint indulgently, interpreted such as asserting Eighth Amendment denial of medical treatment claims against Defendants Burke and Corizon, Eighth Amendment use of excessive force claims against Defendants Platte and Washington, and unlawful retaliation claims against Defendant Platte. (ECF No. 41). At this juncture, the only claims remaining in this matter are Plaintiff's Eighth Amendment excessive force claims against Defendant Platte based on incidents occurring on May 18, 2016, and May 7, 2017, in which Platte allegedly shut Plaintiff's foot in his cell door. (ECF No. 41-42). Defendant Platte now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible

evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other

than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Ibid.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court recently observed:

> When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated. . .whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.
>
> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by

> guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

Plaintiff claims that on May 18, 2016, and again on May 7, 2017, Defendant Platte closed the cell door on his foot causing him to suffer a serious injury to his foor. Plaintiff alleges that this conduct violated his Eighth Amendment right to be free from the use of excessive force. As the evidence before the Court reveals, however, Plaintiff cannot satisfy either the objective or subjective component of these claims.

During the time period in question, Plaintiff was incarcerated in a housing unit in which the cell doors were controlled via a computer located in a centralized pod overlooking the housing unit. (ECF No. 52-3 at PageID.488-89; ECF No. 55-1 at PageID.587-92). This computer system permitted prison officials to open and close all the cell doors in the housing unit simultaneously. (ECF No. 52-3 at PageID.488-89; ECF No. 55-1 at PageID.587-92). Plaintiff testified that the two incidents in question occurred when all the cell doors in the housing unit were opened and closed simultaneously so that the prisoners could exit their cells together and attend a meal. (ECF No. 55-1 at PageID.587-92). Plaintiff asserts that on the two dates in question he was unable to exit his cell quickly enough which resulted in his foot getting caught in his cell door. (ECF No. 55-1 at PageID.587-92).

Defendants have submitted evidence regarding what happens when the cell doors in question encounter an object in their path when closing. Specifically, when encountering an object in its path, the door applies "very limited pressure" and if such is unsuccessful in dislodging the obstruction, the door "will quickly stop moving" and be removed from its track. (ECF No. 52-3 at PageID.489; ECF No. 52-4 at PageID.508-09; ECF No. 52-5 at PageID.513-14; ECF No. 52-6 at

PageID.516-17; ECF No. 52-7 at PageID.519-20; ECF No. 52-8 at PageID.522-23; ECF No. 52-9 at PageID.525-26; ECF No. 52-10 at PageID.528-29). Plaintiff has presented no evidence to the contrary. Furthermore, while Plaintiff did, in fact, suffer a serious foot injury, the record reveals that Plaintiff suffered the injury in question almost two months before the initial incident presently at issue. (ECF No. 52-11 at PageID.531-33). Plaintiff has presented no evidence to the contrary. Likewise, Plaintiff has presented no evidence indicating that his foot injury was exacerbated as a result of allegedly being shut in his cell door on the dates in question. The evidence before the Court, therefore, reveals that Plaintiff experienced at most a de minimis application of force which simply fails to implicate the Eighth Amendment.

With respect to the subjective component of the analysis, Plaintiff asserts that Defendant Platte was in the housing unit pod on the dates in question operating the cell doors. However, Plaintiff concedes that he has no evidence establishing that Defendant Platte, before making the decision to close the unit's cell doors, knew that Plaintiff was standing in the doorway of his cell or was otherwise incapable of exiting his cell before being struck by his cell door. (ECF No. 55-1 at PageID.587-90). Thus, Plaintiff cannot establish that Defendant Platte's act of closing the cell doors, which allegedly resulted in Plaintiff's foot being struck, was an act of "obduracy and wantonness" as opposed to merely an "inadvertence or error in good faith." In sum, for the reasons articulated herein, Defendant Platte is entitled to summary judgment as to Plaintiff's remaining claims.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Platte's Motion for Summary Judgment</u>, (ECF No. 51), be **granted** and this matter **terminated**. The

undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: April 2, 2019                                               /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge