UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY BERNARD SANTURE,

    Plaintiff,

v.

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

Case No. 1:17-cv-923

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Platte, the remaining Defendant in this case, filed a motion for summary judgment on Plaintiff's Eighth Amendment excessive force claims, the only claims remaining in this case. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on April 2, 2019, recommending that this Court grant the motion and close this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff's Eighth Amendment excessive force claims are based on his allegations that on May 18, 2016 and again on May 7, 2017, Defendant Platte closed the cell door on Plaintiff's foot, causing serious injury to Plaintiff's foot. The Magistrate Judge determined that, based on the evidence in the record, Plaintiff cannot satisfy either the objective or subjective component of the

claims (R&R, ECF No. 57 at PageID.609).  With regard to the objective component, the Magistrate Judge pointed out that Defendants submitted evidence that when encountering an object in its path, the cell doors in question apply "very limited pressure" and if such pressure is unsuccessful in dislodging the obstruction, then the door "will quickly stop moving" (*id.* at PageID.610).  The Magistrate Judge indicated that Plaintiff had presented no evidence to the contrary (*id.*).  Further, the Magistrate Judge determined that the record revealed that Plaintiff suffered his foot injury almost two months before the May 18, 2016 incident at issue (R&R, ECF No. 57 at PageID.610).  Again, the Magistrate Judge indicated that Plaintiff had presented no evidence to the contrary and no evidence indicating that his foot injury was exacerbated as a result of allegedly being shut in his cell door on the dates in question (*id.*).  The Magistrate Judge concluded that "[t]he evidence before the Court, therefore, reveals that Plaintiff experienced at most a de minimis application of force which simply fails to implicate the Eighth Amendment" (*id.*).

With respect to the subjective component of the analysis, the Magistrate Judge pointed out that Plaintiff conceded in his October 16, 2018 deposition testimony, which was attached to Plaintiff's response, that "he has no evidence establishing that Defendant Platte, before making the decision to close the unit's cell doors, knew that Plaintiff was standing in the doorway of his cell or was otherwise incapable of exiting his cell before being struck by his cell door" (R&R, ECF No. 57 at PageID.610).  Thus, the Magistrate Judge concluded that Plaintiff cannot establish that Defendant's act of closing the cell doors, which allegedly resulted in Plaintiff's foot being struck, was an act of "obduracy and wantonness," as opposed to merely an "inadvertence or error in good faith" (*id.*).

In his objections, Plaintiff asserts that a genuine issue of material fact exists as to whether Defendant is responsible for Plaintiff's foot injury (Pl.'s Objs., ECF No. 58 at PageID.618-622).

Plaintiff attaches to his objections an affidavit from himself, dated April 15, 2019, in which Plaintiff similarly asserts that a genuine issue of material fact exists as to whether Defendant is responsible for Plaintiff's foot injury (ECF No. 58-1). Plaintiff's affidavit relies on allegations he presented in a grievance that Defendant "knew that he closed the cell door on Plaintiff's foot but lied when confronted about it" (Aff. ¶ 6, ECF No. 58-1 at PageID.629). Plaintiff references another grievance in which he alleged that Defendant is responsible for his foot injury (Aff. ¶ 7, ECF No. 58-1 at PageID.630).

Plaintiff's objections, which reiterate—sometimes verbatim—the response he filed in opposition to Defendant's motion for summary judgment (ECF No. 55), fail to demonstrate any factual or legal error by the Magistrate Judge. And, even assuming the propriety of the timing of Plaintiff's attached affidavit, the affidavit does not alter the Magistrate Judge's analysis or ultimate conclusion. Plaintiff's affidavit does not address, let alone refute, the evidence that Defendant submitted about the manner in which the cell doors operate or Plaintiff's deposition testimony. In short, Plaintiff's objections are properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves the last pending claim in this case, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 58) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 57) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Platte's Motion for Summary Judgment (ECF No. 51) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: September 25, 2019 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge